UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICHOLAS FIORILLO, et al., : | |
|     Plaintiffs, : | |
| : | |
| v. : | C.A. No. 23-398WES |
| : | |
| BRIAN SHEEHAN, et al., : | |
|     Defendants. : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A) is the motion (ECF No. 4) of *pro se* Plaintiff Nicholas Fiorillo, individually and purporting to act as trustee of a trust and as manager/member of certain limited liability companies,[1] to consolidate this case with seven others. One of these seven cases was filed by Mr. Fiorillo as a federal court civil action in this Court (23-cv-121WES) and the other six are all cases that he removed to this Court from an array of state courts in Massachusetts. ECF No. 4.[2] Claiming that it will serve judicial economy, Mr. Fiorillo accurately represents that he is a *pro se* litigant in each of these cases. Otherwise, the balance of his representations about the commonality of parties, law and fact among these cases appear to be largely untrue. While some of the parties in this case are named in one or more of the other cases listed in the motion, there is no full overlap of parties. Further, Mr. Fiorillo represents – falsely – that key to his motion is that certain individuals ("Mssrs. Delpidio . . . and Green"), ECF No. 4 at 2, are common parties in all cases. Nor is it clear how

---

[1] The Court has not addressed whether Mr. Fiorillo can proceed *pro se* in these representational capacities for the entities named. See DRI Gen. 205(a) (2)-(3).

[2] The caption of the motion also asks the Court to stay something, although it is not clear what Mr. Fiorillo wants the Court to stay. The Court has disregarded this aspect of the motion; to the extent that Mr. Fiorillo intended to ask the Court to stay something, the motion is denied.

this seeming bankruptcy-related matter overlaps factually with all or any of the other cases. Thus, Mr. Fiorillo's representation in the motion that this case and all of the other cases are "very similar, if not identical" appears to be inaccurate. Id. at 4. By way of just one example, in 23-cv-121WES, Mr. Fiorillo has named (but not yet served as far as the docket reveals) over seventy persons and entities, including Apple Inc., T-Mobile, the City of Boston and various officials and agencies of the City. As far as the pleadings reveal, none of these are implicated in any way in the facts presented in this case. Further, while it is conceivable that subsequent proceedings in 23-cv-121WES will reveal commonality such that consolidation might yield efficiency, it is premature to make that determination at this phase of this case where summonses have not yet issued, none of the defendants have been served and appeared and the filing fee has not yet been paid. Also importantly, as of today, I have issued reports and recommendations recommending that some of the six removed cases be remanded to state court. Therefore, consolidation is not appropriate at this time.

Based on the foregoing, Mr. Fiorillo's motion to consolidate (ECF No. 4) is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 13, 2023